AO 472 (Rev. 3/86) Order of Detention Pending Trial
================================================================================

# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Criminal No. 07-06-P-S-01** |
| ) | |
| **JEREMY MERCIER,** ) | |
|        **Defendant** ) | |

### ORDER OF DETENTION PENDING TRIAL

      In accordance with the Bail Reform Act, 18 U.S.C., Section 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

[ ]   (1)   The defendant is charged with an offense described in 18 U.S.C. Section 3142(f)(1) and has been convicted of a (federal offense)(state of local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

      [ ] a crime of violence as defined in 18 U.S.C. Section 3156(a)(4).
      [ ] an offense for which the maximum sentence is life imprisonment or death.
      [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.
      [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. Section 3142(f)(1)(A)-(C), or comparable state or local offenses.

[ ]   (2)   The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

[ ]   (3)   A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1).

[ ]   (4)   Findings Nos. (1)(2) and (3) establish a rebuttable presumption that no condition or combination or combinations of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternate Findings (A)**

[X] (1) There is probable cause to believe that the defendant has committed an offense
    [X] for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
    [ ] under 18 U.S.C. Section 924(c).
[ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternate Findings (B)**

[X] (1) There is a serious risk that the defendant will not appear.
[X] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Statement of Reasons for Detention

Reference is made to that portion of the detention hearing held this date which contains my oral decision, which transcript is incorporated herein by reference.

Taking into consideration the congressional concerns that underlie the statutory presumption, including drug trafficking recidivism, as well as all of the available information concerning the factors listed in 18 U.S.C. § 3142(g), including evidence bearing on the defendant's propensity for threatening and violent behavior and his apparent lack of appreciation for the seriousness of the matter as evidenced by the content and tone of his reported post-hearing and pre-reopening conversation with co-defendant Jason Jordan in the Marshal's lockup, I find, by clear and convincing evidence, that the defendant poses a danger to the safety of the community and that there are no conditions of release that can be fashioned that will reasonably assure community safety.[1] I therefore ***ORDER*** that the defendant be detained pending trial.

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extend possible, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: January 24, 2007

        /s/ David M. Cohen
        David M. Cohen
        U.S. Magistrate Judge

---

[1] The government concedes that the defendant has successfully overcome the presumption as it bears on risk of flight and that there are available conditions of release that would adequately address flight risk.